RONNEL FITZGERALD,

> Plaintiff,
>
> v.

Case No. 24-cv-1453-bhl

NATHAN HAYNES,

> Defendant.

## DECISION AND ORDER

Plaintiff Ronnel Fitzgerald, who is incarcerated at the Sturtevant Transitional Facility, is representing himself in this 42 U.S.C. §1983 case. On April 2, 2026, the Court granted summary judgment on exhaustion grounds in favor of Defendants Paula Lampe, Katie Patt, Sandra Sitzman, and Timothy Ryan. Dkt. No. 61. On May 6, 2026, Fitzgerald filed a motion for reconsideration on two grounds: 1) Fitzgerald asserts that he never received a copy of Defendants' reply; and 2) Fitzgerald asserts that, contrary to the Court's conclusion, one of his inmate complaints did in fact put the institution on notice of the dismissed Defendants' alleged retaliatory conduct. For the reasons explained below, the Court will deny the motion.

Fitzgerald first argues that the Court decided Defendants' motion "ex parte" because he never received Defendants' reply brief. Fitzgerald acknowledges that he received Defendants' motion for summary judgment on exhaustion grounds along with their supporting materials, and the docket confirms that he responded to the motion. Under Civil L. R. 56(b)(3), Defendants were allowed—but not required—to file a reply brief. Defendants did so on January 12, 2026. At that point, the motion was fully briefed and ready for the Court's decision. To be clear, the local rules do not provide for any further filings by Fitzgerald, in fact the rules prohibit the filing of "sur-reply" briefs, so Fitzgerald's opportunity to respond to Defendants' motion was complete once he filed his response materials. Even if he never received Defendants' reply brief, Fitzgerald was not prejudiced. The Court will enclose a copy of the reply brief as a courtesy to Fitzgerald.

Next, Fitzgerald purports to bring his motion pursuant to Fed. R. Civ. P. 59(e), but that rule does not apply because a final judgment has not yet been entered. The appropriate rule is Fed. R.

Civ. P. 60(b).  Under that rule, a party may obtain relief from an order for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct.  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted).  Fitzgerald fails to satisfy any of the grounds articulated in Rule 60(b).  He merely disagrees with the Court's analysis, which is an insufficient basis for the Court to reconsider its decision.  *See* Dkt. No. 69 at 5 ("The Court has taken it upon itself to dispute RCI-2022-9841, claiming that Fitzgerald's DOC-400 form does not put the institution on notice . . . .").  The motion will therefore be denied.

The Court reminds Fitzgerald that, generally, an appeal is not proper until the Court has entered final judgment "adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995).  Final judgment has not been entered because Fitzgerald's claim against Haynes is still pending.

**IT IS THEREFORE ORDERED** that Fitzgerald's motion for reconsideration (Dkt. No. 69) is **DENIED**.  The clerk's office is directed to mail Fitzgerald a courtesy copy of Defendants' reply in support of their motion for summary judgment on exhaustion grounds (Dkt. No. 57).

Dated at Milwaukee, Wisconsin this 19th day of May, 2026.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge

2