UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNEL FITZGERALD,

                    Plaintiff,

v.                                                        Case No. 24-cv-1453-bhl

NATHAN HAYNES,

                    Defendant.

## DECISION AND ORDER

Plaintiff Ronnel Fitzgerald is confined at the Sturtevant Transitional Facility and representing himself in this 42 U.S.C. §1983 case. He is proceeding on a First Amendment retaliation claim based on allegations that Defendant Nathan Haynes found him guilty of a conduct report because Fitzgerald had recently complained about Haynes. On May 4, 2026, Haynes filed a motion for summary judgment. Dkt. No. 62. In a notice and order, the Court reminded Fitzgerald that under Civil L. R. 56(b)(2) his response materials were due by June 3, 2026. Dkt. No. 68. The Court warned Fitzgerald that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Haynes as undisputed, which would likely result in summary judgment being granted in his favor. The deadline to respond has passed, and the Court has not received Fitzgerald's response materials, so the Court will assume all facts asserted by Haynes are true and will decide the motion without Fitzgerald's input.

The Court has reviewed Haynes's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Haynes and deemed true as a result of Fitzgerald's failure to respond, no jury could reasonably conclude that Haynes retaliated against Fitzgerald because of Fitzgerald's protected activity because Haynes had no knowledge of the protected activity. *See* Dkt. No. 64 at ¶14; *see Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (to prevail, a plaintiff must show that the protected activity motivated the defendant to take the retaliatory action). To put it plainly, Haynes could not have been motivated to act based on

activity that he did not know about. Haynes is therefore entitled to summary judgment on Fitzgerald's retaliation claim.

        **IT IS THEREFORE ORDERED** that Haynes's motion for summary judgment (Dkt. No. 62) is **GRANTED** and this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

        Dated at Milwaukee, Wisconsin this 22nd day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

---

2